<div align="right">Sampson<br>*v.*<br>Henry.</div>

---

## THEODORE WRIGHT *versus* BENJAMIN BARRETT.

Devise : " I give to my two daughters, and the survivor of them, the use of the north half of my dwellinghouse &c., so long as they, or either of them, remain single and unmarried. I also give them all my household furniture &c., to be equally divided between them. Also, the privilege of cutting all firewood that may be necessary for them from either of my wood lots. I give to my son my dwellinghouse, home estate and all my wood-lands, under the incumbrances mentioned herein." It was *held*, that each daughter took a several right for her life, to cut as much wood as should be necessary for her, and that this right did not depend upon her continuing to live in the dwellinghouse nor upon her remaining unmarried.

It was also *held*, that a release by one of the daughters to the son, of " all her interest in the dwellinghouse and home estate, which interest is particularly described in the will," did not convey her right to cut firewood as above mentioned.

TRESPASS *quare clausum fregit* for cutting and carrying away wood from the plaintiff's land.

4 *

<div style="margin-left:2em">

Wright
*v.*
Barrett.

</div>

Upon a case stated it appears, that Seth Wright, the father of the plaintiff, and of Mary the defendant's wife, and of Mrs. Sarah Adams, who was a widow, died in December 1828, leaving a very large real and personal estate. His last will, made in March 1826, contains the following provisions : " I give, devise and bequeath to my daughters Sarah and Mary, and the survivor of them, the use of the north half of my dwellinghouse and one half of the garden, with kitchen privileges, barn and out-house privileges, so long as they or either of them remain single and unmarried. I do also give my daughters Sarah and Mary my horse, chaise and cow and all my household furniture and my library, to be equally divided between them. Also, the privilege of cutting all firewood that may be necessary for them from either of my wood lots." — " I give, devise and bequeath to my son Theodore Wright my dwellinghouse, home estate, the wood lot which I pur chased of Daniel King and all my other wood lands, under the incumbrances mentioned herein." In November 1826, the testator executed a codicil, but he made no alteration in the devises and bequests above recited.

In August 1826, the defendant intermarried with Mary, and since that time he has resided with her within half a mile of the testator's dwellinghouse, but never within the same, and during the last year has occupied the same house and lived at board with Mrs. Adams.

In April 1829, the defendant entered upon the *locus in quo*, in right of his wife, and cut and carried away firewood, and continued to do so until the commencement of this action. He has also, as the agent of Mrs. Adams and by her command, cut and carried away firewood, since the conveyance hereafter mentioned from her to the plaintiff, and since she removed from the dwellinghouse of her late father. These are the trespasses complained of in the declaration. At the argument it was conceded, that if the defendant had a right, under the will, to cut and carry away firewood, and if the daughters were not required to live together and keep their fires together, the quantity taken by the defendant was not excessive.

Mrs. Adams, by her deed of release and quitclaim, dated April 1, 1831, releases to the plaintiff " all my right, title or interest in the dwellinghouse and home estate of my late father, now in the possession of Theodore Wright, which same interest in the same estate is particularly described in the last will and testament of my father."

The testator owned two wood-lots, one situated half a mile, the other, a mile and three quarters, from his dwellinghouse, and the firewood in question was taken from the former lot.

If upon these facts the Court should be of opinion that the defendant was not guilty of the trespasses alleged, the plaintiff was to be nonsuit ; otherwise &c.

*Bates* and *Dewey*, for the plaintiff, contended, 1. That by the will the daughters were authorized respectively to take firewood so long only as they should respectively live in the testator's dwellinghouse and remain unmarried ; *Richardson* v. *Noyes*, 2 Mass. R. 56 ; and 2. That the right of Mrs. Adams was determined by her release.

*Forbes, contrà,* cited as to the first point, *Clap* v. *Draper*, 4 Mass. R. 266 ; *St.* 1785, *c.* 62, § 4 ; *Parsons* v. *Winslow*, 6 Mass. R. 174 ; *Sargent* v. *Towne*, 10 Mass. R. 303 ; and to the point that the release did not embrace the wood-lot, Com. Dig. (Amer. edit.) *Estates by Devise*, *N* 1, note *f*.

The opinion of the Court was delivered by

SHAW C. J. This is trespass *quare clausum* for cutting and carrying away certain quantities of wood, from a wood-lot of the plaintiff, situate in Northampton. The defence as to part, is, that the defendant had a privilege of cutting, in right of his wife, under the will of her father ; and as to another part, that it was done on the authority and for the use of Sarah Adams, a sister of the defendant's wife, claiming the privilege under the same will of her father.

The question depends solely upon the construction of the will of Seth Wright deceased. It is obvious, that the plaintiff takes the wood-lots, subject to the incumbrances created by the will, namely, subject to charges thereon,

*Wright v. Barrett.*

*Sept. 24th.*

*Sept. 29th.*

Wright
v.
Barrett.

made in favor of the daughters, or in other words, to the interest and privileges therein devised to the daughters. So that the same rule, which ascertains the extent of this interest, determines the limits of these incumbrances.

It is well settled, that a grant or devise of an interest in growing wood is an interest in the soil itself.

Then the question is, what interest in these wood-lots, did the testator intend to give to his daughters. It is readily admitted, that the intent of the testator is the governing rule in the construction of a will, but that intent must be gathered from the will itself, taking every part and clause of it for this purpose, and is not to be sought for elsewhere.

It is contended that the privilege of cutting all fire-wood, that might be necessary for the daughters, was intended to be connected with the provision, that they were to have an interest and home in the dwellinghouse so long as they should remain single ; and when they married, both privileges ceased together. Such might have been the testator's intention, but we cannot infer any such intention from the terms of the will. After the provision in relation to the right in the house, there is another bequest of personal property, absolute in its terms. There is nothing in the clause itself giving the privilege of cutting wood, to limit it to the time whilst they should remain single. There is nothing therefore, in the terms of the devise, or its collocation or connexion with the former clause, to warrant the Court in extending the limitation in the former clause to the latter. *Right* v. *Compton*, 9 East, 267. This devise therefore, we think, gives the same interest, as if the former devise had not been made ; and this was an interest to each of these daughters as tenants in common, for their respective lives, to cut as much wood as should be necessary for them respectively ; and this right was not taken away or impaired by their respective marriages, but like other rights and interests of like kind, vested in the husband in right of the wife, during the coverture. What may be the effect of the term " necessary," in limiting the quantity of wood, may admit of some doubt when the question arises.

But it has been admitted in the argument, that if by the terms of the will the two daughters were not to live together, and keep their fires together, but each had a several right, then that the quantity taken by the defendant has not been beyond that contemplated by the will. Being of opinion, that the right was several, and that it did not depend upon their living together in the mansion-house, we in effect decide, that the quantity taken did not exceed what the defendant might lawfully take, in right of his wife and her sister.

The opinion thus expressed, in effect decides the other question made, upon the operation of Mrs. Adams's release. As the interest in the wood-lots, or the privilege of cutting wood, was a distinct interest from that in the dwelling-house, her release of all her right, title or interest in the dwellinghouse and home estate, as described in her father's will, was not a release of her interest in the wood-lots.

*Plaintiff nonsuit.*